**Lewis E. MORGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 78627.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 7, 2001.

Irene Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for Respondent.

CRANDALL, P.J.

Movant, Lewis E. Morgan, appeals from the judgment denying his amended Rule 24.035 motion after an evidentiary hearing. We affirm.

The record reflects that an amended information charged that movant, on August 1, 1998, committed the class D felony of driving while intoxicated, third offense. Sections 577.010 and 577.023.1, RSMo (2000). The information also alleged that on June 27, 1990, and on February 9, 1995, movant entered pleas of guilty to two separate charges of driving while intoxicated. On March 22, 1999, movant entered a guilty plea to the present charge. On May 19, 1999, the court found movant to be a prior and persistent offender and sentenced him to 100 months in the custody of the Department of Corrections.

On July 6, 1999, movant filed a *pro se* motion pursuant to Rule 24.035. His appointed counsel prepared an amended motion and delivered it to the prosecutor's office on September 21, 1999. The record does not reflect, however, that the amended motion was filed with the court. On July 5, 2000, the court held an evidentiary hearing. On September 12, 2000, the court entered findings of fact and conclu-

sions of law, stating "AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT JUDGMENT AND SENTENCE is OVERRULED and DENIED." Movant appeals.

■ Movant's sole point on appeal is that the motion court erred in denying his Rule 24.035 motion without ascertaining if post-conviction counsel abandoned him by not filing either an amended motion or a statement in lieu thereof, as required by Rule 24.035(e). Generally, our courts have held that post-conviction proceedings may not under any circumstances be used to challenge the effectiveness of post-conviction counsel. *Laughlin v. State*, 822 S.W.2d 578, 580 (Mo.App. S.D.1992). But, two exceptions to this rule exist when post-conviction counsel abandons the movant either by failing to file anything with the motion court, *see Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), or by filing an amended motion out of time. *See Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).

To support his position that abandonment can be inferred from post-conviction counsel's failure to file an amended motion on his behalf, movant relies on *Luleff*. In that case, the lawyer appointed to represent a prisoner in a Rule 29.15 proceeding filed no amended motion, and the motion court ultimately denied relief without an evidentiary hearing. *Luleff*, 807 S.W.2d at 496. The Missouri Supreme Court held that a record which does not indicate whether appointed counsel made the determinations required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule. *Id.* at 498. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination part of the record. *Id.* When the motion court rules on a post-conviction motion and there is no record of any activity by counsel on the prisoner's behalf, the motion court should inquire, *sua sponte*, regarding the performances of both the prisoner and counsel. *Id.*

■ The facts of the case before us differ from those of *Luleff*. Here, although the record does not reflect that an amended motion was filed with the motion court, counsel prepared an amended motion and provided the prosecutor with a copy. The amended motion incorporated movant's allegation of ineffective assistance of counsel for failing to advise him about the limits on the first guilty plea offer. The amended motion provided the additional basis for ineffective assistance of counsel for counsel's failing to request that all charges against movant be heard by the same judge and also charged the trial court with violating section 558.011, RSMo (2000) by sentencing movant to a term of months, not years. In addition, counsel took movant's deposition and called plea counsel to testify at the evidentiary hearing. At the evidentiary hearing, counsel presented all movant's claims to the court. In contrast to *Luleff*, post-conviction counsel actively pursued movant's post-conviction claims. Under these circumstances, post-conviction counsel did not abandon movant.

■ Moreover, it is clear that the motion court considered the amended motion. Its ruling specifically referred to movant's "AMENDED MOTION." It appears that the record's failure to reflect the filing of the amended motion was merely a clerical error. A reversal and remand is justified only when a movant has suffered prejudice. *Laughlin*, 822 S.W.2d at 579. Here, movant was given a full hearing on all matters and a remand would serve no purpose, because the motion court afforded movant a complete review of his claims. *See, e.g., State v. Hughes*, 908 S.W.2d 804, 808 (Mo.App. E.D.1995). The record indicates no prejudice to movant as a result of

the record's not indicating that an amended motion was filed.

 Movant also argues that under *McDaris v. State*, 843 S.W.2d 369 (Mo. banc 1992) the motion court was required to conduct an independent inquiry to ensure that movant was informed of post-conviction counsel's failure to file an amended motion. We disagree. The inquiry *McDaris* suggests is designed to determine where fault lies when an amended motion is filed out of time. This is important because *Sanders* permits a hearing on the merits only if movant is innocent of responsibility for the late filing. But, where the record shows on its face that post-conviction counsel did not abandon movant, there is no need to proceed to such an inquiry. In the instant action, the record refutes the claim of abandonment; and no independent inquiry is required of the motion court. Movant's point on appeal is denied.

The judgment of the trial court is affirmed.

KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, Jr., J., concur.