**Robert L. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 28283.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 2007.

Kent Denzel, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Pamela Rasmussen, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Robert L. Smith ("Movant") appeals from the motion court's denial fol-

lowing an evidentiary hearing of his amended Rule 24.035 motion to vacate, set aside or correct judgment and sentence.[1] Movant asserts two points of motion court error.

In his first point Movant alleges he was abandoned by his postconviction counsel and the motion court erred in failing to determine whether he had been so abandoned. In his second point he maintains the motion court erred in failing to resentence Movant for "misdemeanor counts of animal abuse...." He maintains the State "alleged [Movant] had a prior conviction but presented no such evidence and [Movant] made no such admission, thus he must be resentenced for misdemeanor offenses."

The record reveals Movant was charged by Information on May 12, 2004, with five counts of the Class D felony of animal abuse, a violation of section 578.012.[2] Thereafter, pursuant to a plea agreement, Movant pled guilty to the aforementioned charges.

On July 27, 2004, a Motion for Probation Revocation and Suspension was filed against Movant by the State and a probation violation hearing was held on September 15, 2004. After hearing evidence, the court found Movant had violated the terms of his probation agreement and the plea agreement; accordingly, the court ordered his previous sentence of a total of fifteen years be executed.

On December 3, 2004, Movant filed his *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. Movant was then appointed counsel, but it appears an amended motion was never filed on his behalf.[3] Movant filed a second *pro se* motion for postconviction relief on November 17, 2006.

An evidentiary hearing was held on Movant's motion on April 17, 2006. Movant's postconviction counsel appeared at the hearing and offered oral argument on his behalf. His postconviction counsel argued Movant "feels as if he was coerced" into his guilty plea because the investigating officer "indicat[ed] that if he did not plead, that his wife would also be charged." She also informed the motion court that "animal abuse is a Class A misdemeanor unless [there have been] previous[ ] [guilty pleas] to animal abuse or there's ... suffering involved. There's no indication in the transcript of sentencing that ... he has had a previous felony charge and/or whether there was suffering of an animal."

At the hearing, Movant's postconviction counsel entered into evidence Movant's deposition testimony "that he would like to present to the Court as if he had been here in person." In his telephone deposition Movant testified that the investigating officer in his criminal case threatened "that if [he] did not plead that [his] wife would be charged." He stated that at that time he was arrested he was told he was under arrest because his animals' "water was dirty" and the "dog's water was two days old." He stated the officer told him that he could also charge Movant's wife and "he would make sure that she would get sentenced to it." Movant related the investigating officer "told [him] if [he]

---

**1.** All Rule references are to Missouri Court Rules (2007) and all statutory references are to RSMo 2000.

**2.** It appears Movant was originally charged with 40 counts of animal abuse per section 578.012, but 35 of these charges were dismissed by the State.

**3.** The record reveals Movant's postconviction counsel did file an entry of appearance together with a request for extension of time to file an amended motion; a request for a pretrial conference; and several motions for continuance.

didn't go in there and tell the judge.... That [he] failed to provide adequate care for the animals ... that he would pull the plea bargain ... and [the investigating officer] would see that [Movant] was sentenced with the forty counts." Movant believed the investigating officer "had the authority to do that" and so he pled guilty. He stated he felt he did not have enough time to think about pleading guilty and he "did it because [the investigating officer] threatened to put [his] wife in there."

Movant also related in his deposition that he discussed pleading guilty with Mr. Miller for "three or four minutes" and Mr. Miller informed him of the details of the State's proposed plea agreement. Movant testified Mr. Miller told him the plea agreement was "the best [he] could do" and Movant agreed to accept the plea bargain.

The motion court entered its Findings of Fact and Conclusions of Law on March 1, 2007. The motion court found "Movant has not established that his trial counsel failed to exercise the customary skill and diligence that a reasonable and competent attorney would perform under the same or similar circumstances." Further, the motion court noted "[a]n Amended Motion was not filed and the court finds that the issues raised are all included in the original motion. However, while not specifically so alleged, the Court assumes it is [M]ovant's position that this constituted ineffective assistance of counsel" by postconviction counsel. The trial court found "Movant has not sustained the requisite burden of proof on all claims of ineffective assistance of ... counsel." The motion court then denied Movant's Rule 24.035 request for relief. This appeal followed.

▇▇▇ Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Ross v. State*, 48 S.W.3d 667, 669 (Mo.App.2001). " 'The findings and conclusions are deemed erroneous if after reviewing the record, this [C]ourt is left with the definite and firm belief that a mistake has been made.' " *Goings v. State*, 1 S.W.3d 600, 601 (Mo.App.1999) (quoting *Saffold v. State*, 982 S.W.2d 749, 752 (Mo.App.1998)). We presume that the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002).

In his first point relied on, Movant maintains the motion court erred in failing "to determine whether [Movant] was abandoned" by his postconviction counsel in that his postconviction counsel "failed to file an amended motion or a statement in lieu of an amended motion...." He asserts his postconviction counsel did not "show in any manner that she carried out her responsibilities under Rule 24.035 to 'ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence.' " Movant argues his "[p]ostconviction counsel's appearance at an evidentiary hearing and submission of a deposition of [Movant] do not show that she performed as required by Rule 24.035."

▇▇▇ The State concedes that "[t]his case should be remanded for the limited purpose of determining whether [Movant] was abandoned by post-conviction counsel." We agree.

Rule 24.035(e) sets out:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has

included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

If postconviction counsel does not comply with this rule then he has presumably abandoned the movant. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991).[4]

■ There are two recognized forms of abandonment. The first type of abandonment occurs "when post-conviction counsel takes no action on movant's behalf and, as a result, it appears on the face of the record that movant is deprived of a meaningful review of post-conviction claims." *Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996) (emphasis omitted); *see Luleff*, 807 S.W.2d at 498.

■ The second type of abandonment occurs when the record reflects that counsel has determined a basis for amending the *pro se* motion and fails to do so in a timely manner. *Luleff*, 807 S.W.2d at 498; *Morgan v. State*, 8 S.W.3d 151, 153 (Mo. App.1999).

> The Court suggested in *Luleff* that 'where postconviction counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record.' This filing serves to create a record that removes the presumption that post-conviction counsel's decision not to amend the *pro se* motion is the product of abandonment. It also avoids possible discipline by the Court for postconviction counsel.

*Moore*, 934 S.W.2d at 291 (internal citations omitted).[5]

■ In the present matter, Movant's counsel, after entry of appearance, filed a motion for an extension of time to file an amended motion, an action demonstrating on the record that she had a basis for amending Movant's *pro se* motion. However, no amended motion was ever filed. Further, Movant's postconviction counsel placed nothing in the record showing she felt "filing an amended motion [wa]s not warranted . . . ." Rule 24.035(e).

Movant on his own behalf filed a second Rule 24.035 motion in which he informed the motion court of the lack of partic-

---

4. " 'Rule 29.15(e), based on a conviction following trial, is the counterpart to Rule 24.035(e), based on conviction following a guilty plea.' " *Carroll v. State*, 131 S.W.3d 907, 909 n. 4 (Mo.App.2004) (quoting *Thurlo v. State*, 841 S.W.2d 770, 772 (Mo.App.1992)). Therefore, a claim of post-conviction counsel abandonment by a Rule 24.035 movant is also governed by *Luleff*, because the rules are essentially identical and impose the same duties on appointed counsel. *See Carroll*, 131 S.W.3d at 909 n. 4.

5. In *State v. Owsley*, 959 S.W.2d 789, 799 (Mo. banc 1997), our high court set out that abandonment hearings have been required by this Court "to determine the cause of 1) counsel's failure to file an amended motion; 2) counsel's failure to have the amended motion verified; and 3) counsel's failure to file the amended motion in a timely fashion." (Internal citations omitted).

ipation in his case by his postconviction counsel.

 A presumption of abandonment arises when the record, on its face, establishes non-compliance with Rule 24.035(e). *Moore,* 934 S.W.2d at 292; *Luleff,* 807 S.W.2d at 498. When there is a presumption of abandonment, a hearing to determine if Movant was abandoned must be held.[6] *Luleff,* 807 S.W.2d at 498. There is no evidence in the record that Movant's counsel amended the *pro se* motion or that she provided an affidavit stating that amendments to Movant's motion were not warranted. Point One has merit and is dispositive of this appeal.

We, therefore, reverse the judgment and remand the matter for further proceedings consistent with this opinion. The issues raised by Movant in his second point may be addressed at further proceedings. If the motion court finds Movant's postconviction counsel failed to comply with the requirements of Rule 24.035(e), new counsel shall be appointed and permitted time in which to comply with the requirements of that rule. *See Burns v. State,* 964 S.W.2d 548, 551 (Mo.App.1998).

LYNCH, C.J., and McBETH, Sr. J., concur.

---

6. The only instance where a hearing is not mandatory occurs when the record establishes that non-compliance with the rule is a direct result of Movant's negligence. *Morgan,* 8 S.W.3d at 154. There is no evidence in the record that Movant acted negligently in this regard.