**Douglas ARMSTRONG,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

No. 28507.

Missouri Court of Appeals,
Southern District,
Division Two.

April 8, 2008.

Craig A. Johnston, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jamie Pamela Rasmussen, Assistant Attorney General, of Jefferson City, MO, for Respondent.

DON E. BURRELL, Judge.

Douglas Armstrong ("Movant") appeals from the denial of his Rule 24.035 [1] motion for post-conviction relief.

---

1. Unless otherwise noted, all references to rules are to Missouri Rules of Criminal Procedure (2005).

## Standard of Review

Under Rule 24.035, this Court reviews a motion court's denial of post-conviction relief to determine whether "the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). The motion court's findings and conclusions are presumed correct. *Smith v. State*, 240 S.W.3d 756, 759 (Mo.App. S.D.2007). However, if upon review an appellate court is left with a firm impression that a mistake has been made, then the findings and conclusions will be deemed erroneous. *Id.* We defer to the motion court on matters of credibility. *Wagoner v. State*, 240 S.W.3d 159, 163 (Mo.App. S.D.2007).

## Facts

In August of 2003, Movant was charged with distribution of methamphetamine, a controlled substance. On May 17, 2004, Movant entered a plea of guilty to the Class B felony of distribution of a controlled substance pursuant to a written plea agreement. The trial court accepted Movant's guilty plea, agreed to follow the plea agreement, and, in accordance with the terms of that agreement, gave Movant a nine year sentence in the Department of Corrections, suspended the execution of that sentence, and placed him on five years supervised probation.

At Movant's plea and sentencing hearing, the State indicated that if the case were to go to trial it would present evidence that Movant had sold methamphetamine to an undercover police officer. The State further said that the substance the undercover officer had purchased from Movant was sent to the Missouri State Highway Patrol Crime Lab where it tested positive for methamphetamine. Additionally, the State announced that Movant had been informed that the lab testing was performed by criminalist Mathew Barb ("Barb") and that Movant had signed a *Brady* waiver.[2] Movant made no attempt to dispute any of these assertions at the time of his plea and affirmatively stated "yes, sir" when the trial judge asked him if he was pleading guilty because he "did as [the prosecutor] just stated in the factual basis."

At the time of Movant's plea, Barb was under investigation for tampering with evidence in methamphetamine cases. In August of 2005—fifteen months after Movant entered his guilty plea—Barb admitted he had been stealing samples of methamphetamine from the Missouri Highway Patrol Crime Lab and entered a plea of guilty to one count of the class C felony of stealing.

At the hearing on Movant's post-conviction relief motion, Movant's trial counsel ("trial counsel") testified that before Movant entered his guilty plea, he (trial counsel) advised Movant to not make any decision about pleading guilty until they knew the final results of the Barb investigation. Trial counsel testified that Movant rejected that advice and wanted to proceed with his guilty plea. Trial counsel testified that Movant said he wanted to resolve the case quickly so it would not interfere with his pending parole date on another sentence he was currently serving. Movant had earlier instructed his trial counsel to attempt to obtain an outcome where Movant would be placed on probation or would have any sentence he received run concur-

---

**2.** In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that due process requires the prosecution to disclose to a defendant any evidence that is favorable to the defendant and material to either guilt or pun- ishment. *Brady*, 373 U.S. at 87, 83 S.Ct. 1194; *State v. Goodwin*, 43 S.W.3d 805, 812 (Mo. banc 2001). We assume that the "waiver" mentioned by the prosecutor related to the requirements of *Brady*.

rently with his existing sentence. Trial counsel testified that he did not recall whether a formal *Brady* waiver had ever been signed in the case or not, but did remember having a "fairly heated" conversation with Movant about the Barb situation on the day Movant entered his guilty plea. Trial counsel had an independent recollection about the discussion because Movant had been a particularly contentious client and had been "stubborn" about his insistence on pleading guilty before the Barb investigation was completed.

In August of 2005, Movant's probation was revoked and his previously suspended nine year sentence was executed. After he was delivered to the Department of Corrections, Movant heard about Barb's conviction from other inmates there and timely filed his Rule 24.035 motion for post-conviction relief. After holding an evidentiary hearing, the motion court denied relief and Movant now appeals.

### Analysis

■ Movant asserts that the motion court failed to make sufficient findings of fact and conclusions of law. Under Rule 24.035(j), the motion court was required to "issue findings of fact and conclusions of law on all issues presented[.]" No precise equation exists as to what format the findings of fact and conclusions of law must conform to; the only requirement is that the findings and conclusions are sufficient to allow adequate appellate review. *Ivory v. State,* 211 S.W.3d 185, 189 (Mo.App. W.D.2007). "Findings and conclusions are sufficient if they permit an appellate court to meaningfully review whether those findings and conclusions are clearly erroneous based on Movant's contentions." *Briley v. State,* 180 S.W.3d 514, 518 (Mo.App. S.D. 2005). "Generalized findings are sufficient so long as they permit the appellate court an adequate record for appellate review of

movant's claims." *Edwards v. State,* 200 S.W.3d 500, 513 (Mo. banc 2006) (quoting *Franklin v. State,* 24 S.W.3d 686, 692 (Mo. banc 2000)). In reviewing the motion court's findings, we note that a minor error in the findings does not establish that the court did not undergo a careful review of the movant's claim and of the evidence presented. *See State v. Link,* 25 S.W.3d 136, 148 (Mo. banc 2000) (Finding that minor errors contained in motion court's findings and conclusions of law did not establish that the motion court failed to carefully consider the evidence before it).

In his motion for relief, Movant alleges his trial counsel was ineffective for failing to investigate and adequately advise Movant about the Barb allegations and that he was denied due process of law because the State failed to properly disclose the extent and nature of Barb's misconduct. The motion court issued findings of fact and conclusions of law which gave a detailed explanation of its reasons for denying each of these claims.

■ Regarding Movant's claim that trial counsel was ineffective for failing to properly investigate and advise Movant about Barb's misconduct, the motion court found that trial counsel did speak with Movant about the situation surrounding Barb before Movant entered his guilty plea. Specifically, the court found that:

> Movant did not receive ineffective assistance of counsel. Counsel testified that he had received a letter from the Prosecuting Attorney's Office dated May 5, 2004 advising him that Barb was under investigation for alleged misconduct in connection with his employment. Counsel testified that although there was considerable speculation among the defense bar about the exact nature of the alleged "misconduct," no specifics were known until the felony complaint against Barb was filed on August 16, 2004 and the

probable cause statement became public. According to plea counsel, he revealed the situation with Barb to Movant during a meeting prior to his plea. Counsel testified that he then reviewed with Movant his options, including delaying the proceedings until more was known about Barb, which was counsel's strong advice. Movant, however, decided to disregard that advice and proceed with the sentencing, out of an expressed concern that any sentence he might receive in this case run concurrently for as long as possible with a sentence he already had received.

At the beginning of the evidentiary hearing on Movant's motion, the motion court—at the request of Movant's post-conviction counsel—took judicial notice of the contents of the underlying criminal case file, including the transcript of Movant's guilty plea. In addressing Movant's due process claim, the court found that:

> [t]he plea record indicates that the prosecutor informed the court that Movant had been advised of the ongoing investigation of Barb and that Movant had signed a "Brady waiver" concerning the issue. No evidence was adduced at the hearing on the motion that directly refutes the prosecutor's statements regarding this waiver.

Movant argues that the court's findings and conclusions are insufficient because some are inconsistent and factually incorrect. In particular, Movant challenges the validity of the following three findings of the motion court:

1) no evidence was presented on Movant's claim that the State, in not informing Movant's counsel of the extent and nature of Barb's misconduct, failed to adequately comply with discovery and thereby violated Movant's due process rights;

2) no evidence was presented to contradict a statement made by the prosecutor at Movant's guilty plea hearing that Movant had been advised of the ongoing investigation of Barb and had signed a *Brady* waiver; and

3) Movant's trial counsel received a letter, dated May 5, 2004 from the State disclosing that Barb was under investigation.

The motion court's order states that trial counsel testified he had received a letter from the Prosecuting Attorney dated May 5, 2004 that informed him that Barb was "under investigation for alleged misconduct in connection with his employment." A review of the transcript of the hearing on Movant's motion reveals that while trial counsel did testify about having received a letter or letters concerning the Barb situation from the office of the Prosecuting Attorney, he did *not* testify to having received a specific letter dated May 5, 2004. However, the mere fact that the motion court incorrectly stated that trial counsel had received a specific letter from the State dated May 5, 2004 does not indicate that the motion court's finding on Movant's ineffective assistance of counsel claim was clearly erroneous or insufficient.

At his post-conviction relief hearing, Movant testified that he did not remember signing a *Brady* waiver but did not claim that he had never signed such a waiver. Trial counsel stated that he did not recall whether or not the defense had signed a *Brady* waiver prior to Movant pleading guilty. When the prosecutor stated during Movant's guilty plea proceeding that the case was a "Barb case" and that the defense had signed a *Brady* waiver, neither Movant nor trial counsel spoke up to claim that no such waiver had been signed.

Although Movant testified that if he had known the full extent of the Barb situation he would not have pleaded guilty, the motion court found the testimony of trial

counsel to be more credible on that issue. The motion court found that Movant and trial counsel had knowledge of the investigation surrounding Barb and that Movant did not attempt to delay his guilty plea despite his counsel's strong advice that he should wait.

While it is true that the motion court initially stated on page two of its order that no evidence was presented on Movant's due process claim, the motion court then concluded its order with a finding that "the evidence clearly refutes Movant's claim that he was denied due process because the State did not notify the defense of the situation involving Matthew Barb." Because Movant testified that he didn't recall seeing or signing a *Brady* waiver and trial counsel stated that he didn't recall whether he or Movant ever signed a *Brady* waiver, the motion court's initial statement that no evidence was presented on Movant's claim was in error. However, the motion court's later statement does have an evidentiary basis. Within the body of its order, the motion court cited evidence supporting its conclusion that no due process violation occurred. Specifically, the motion court relied on the plea record wherein the prosecutor informed the trial court in Movant's presence that Movant had been advised of the ongoing investigation of Barb and that Movant had signed a *Brady* waiver. Additionally, trial counsel testified that the State's common practice in cases involving Barb was to send out a letter informing the defendant of the circumstances known at that time regarding Barb's alleged misconduct.[3] Therefore, the motion court's second statement was sufficient to allow appellate review.

Because the motion court's findings are sufficiently detailed so as to allow this Court to determine whether they are clearly erroneous based on Movant's claims, we find they were sufficient to meet the requirements of Rule 24.035(j). Accordingly, Movant's point is denied and the motion court's order denying post-conviction relief is affirmed.

LYNCH, C.J., and RAHMEYER, J., concur.

---

**3.** We note that Movant does not actually challenge the correctness of the motion court's finding that Movant was not denied due process. Instead, Movant focuses his argument on the sufficiency of the motion court's findings and conclusions.