**Muhammand L. CARROL,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent–**
**Respondent.**

**No. SD 29310.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 20, 2009.

---

Nancy A. McKerrow, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Robert J. (Jeff) Bartholomew, Assistant Attorney General, Jefferson City, MO, for respondent.

DON E. BURRELL, Presiding Judge.

Muhammand[1] L. Carrol ("Movant") appeals the denial of his *pro se* motion for post-conviction relief on the grounds that he was "abandoned" by his motion counsel when she failed to timely file an amended motion for post-conviction relief on his behalf. By failing to determine whether motion counsel's failure constituted abandonment, the motion court clearly erred. The State concedes the error and we reverse the order denying relief on Movant's *pro se* motion and remand the cause with a direction that the required inquiry and finding be made by the motion court.

### I. Facts and Procedural Background

Movant was charged by felony information with two counts of forgery. *See* section 570.090.[2] That same day, pursuant to a written plea agreement accepted by the trial court, Movant pled guilty and received a four year sentence in the Department of Corrections on each count. The sentences were run concurrently with each other and with any other sentences Movant might have.

After his delivery to the Department of Corrections, Movant timely filed his *pro se* motion for post-conviction relief pursuant to Rule 24.035 on December 11, 2006. The motion court appointed the office of the public defender to represent Movant and ordered that an amended motion for post-conviction relief be filed either sixty days from the date of its order or the date the guilty plea and sentence hearing transcript was filed, whichever was later.

On January 25, 2007, the public defender's office notified the motion court that Rebecca Hain ("Counsel") had been appointed as Movant's post-conviction counsel. Counsel filed her formal entry of appearance approximately one month later. On October 4, 2007, the plea and sentence hearing transcript was filed, making the amended post-conviction motion due December 3, 2007. On the due date, Counsel filed a motion requesting an extension of time in which to file the amended motion. The motion court never issued a ruling on that request. On January 3, 2008, thirty-one days after the amended motion was due, Counsel filed her amended motion for post-conviction relief.

In response to that filing, the State moved to dismiss both the *pro se* and amended motions without an evidentiary hearing. Counsel filed an answer to the State's motion to dismiss, stating "that the untimely filing of the [amended motion] resulted exclusively from [Counsel's] actions." Thereafter, Counsel filed a motion requesting that the motion court deem the amended motion as timely filed. In that motion, Counsel repeated that "[t]he failure to timely file the Amended Motion was due to Counsel's actions and Movant did

1. Movant's first name appears variously as "Muhammand," "Muhammad," "Muhammed," and "Mohammed" in different portions of the record. We use the spelling hand-written by Movant in his *pro se* motion.

2. Unless otherwise indicated, all references to statutes are to RSMo 2000 and all references to rules are to Missouri Rules of Court (2008).

everything that he was obligated to do so that the Amended Motion could have been timely filed" and that she had "abandoned Movant." Counsel stated that "[t]he deadline was miscalculated due to the holidays" and that "Movant was not the cause of the untimely filing in any way." That same day, the motion court's docket sheet contains an entry that says both the State and Movant appeared by counsel and that a hearing was held on the question of the timeliness of Movant's *pro se* motion and on whether Movant was entitled to an evidentiary hearing. Nothing else in the record indicates that any such hearing was actually held.

Five days later, the motion court entered a docket order stating: 1) "[Movant's] *pro se* motion was timely filed;" 2) "upon the motion, files and record, the Movant is entitled to no relief;" 3) "Movant's request for hearing is denied;" and 4) the "State to submit proposed Findings of Fact and Conclusions of Law." Approximately two months later, the motion court issued its formal Order Denying Movant's *Pro Se* Motion to Vacate, Set Aside or Correct Judgment and Sentence under Rule 24.035. Movant now appeals that order.

## II. Standard of Review

▮ Our review of a motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). To find them clearly erroneous, a perusal of the entire record must leave us with a definite and firm impression that a mistake has been made. *Id.*

## III. Discussion

▮ Movant's sole point relied on contends that the motion court clearly erred in failing to hold a hearing to determine if he had been abandoned by his post-conviction counsel.

▮ Our Supreme Court has determined that "where the record reflects that counsel has determined that there is a sound basis for amending the *pro se* motion but fails timely to file the amended motion," this failure is considered "abandonment" by post-conviction counsel. *Sanders v. State*, 807 S.W.2d 493, 494–95 (Mo. banc 1991). The failure to timely file the amended motion is considered abandonment "because failure to file an amended motion in a timely manner constitutes a complete bar to consideration of the movant's claims not raised in the *pro se* motion." *Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996). The appropriate procedure to determine whether counsel has abandoned the movant "is to remand the case to the motion court for a factual determination as to the reason for the untimeliness." *Rutherford v. State*, 192 S.W.3d 746, 749 (Mo.App. S.D.2006). "The method of the motion court's inquiry may be formal or informal, so long as the process generates a sufficient record to demonstrate on appeal that the court's determination of the abandonment issue is not clearly erroneous." *Id.* at 750. The Supreme Court in *Sanders* provided the following guidance to be used in such cases:

At such time as counsel may seek leave to file pleadings out of time, the motion shall set forth facts, not conclusions, showing justification for untimeliness. Where insufficiently informed, the court is directed to make independent inquiry as to the cause of the untimely filing. The burden shall be on the movant to demonstrate that the untimeliness is not the result of negligence or intentional conduct of the movant, but is due to counsel's failure to comply with *Rule 29.15(f)*. If the court determines that the untimeliness resulted from negligence or intentional conduct of movant,

the court shall not permit the filing. Should the failure to file a timely amended motion result from inattention of counsel, the court shall permit the filing.

*Sanders*, 807 S.W.2d at 495.

Here, the record is insufficient to determine if the motion court made a factual determination as to the reason for the untimeliness, i.e., whether Counsel had abandoned Movant. That Counsel filed an untimely amended motion for post-conviction relief is not in dispute. However, in both Counsel's answer to the State's motion to dismiss the amended motion and in her subsequent motion requesting that the motion court deem the amended motion as timely filed, she informed the motion court that the fault for the untimeliness of the amended motion was exclusively hers. She also cited her miscalculation of the due date based on an intervening holiday as justification for her untimely filing. There is nothing in the record to indicate that the motion court ever ruled on the issue of whether Movant was at fault for the untimely filing. If the motion court found the information provided by Counsel insufficient to determine whether Movant had been abandoned, it should have made further inquiry into the cause of the untimely filing. In failing to make such a determination, the motion court clearly erred. Therefore, the order denying Movant's *pro se* motion for post-conviction relief is reversed and the cause is remanded to the motion court so that it may determine whether Movant was abandoned by Counsel and, if so, to allow the amended motion to be filed and proceed thereon as if it had been timely submitted.

LYNCH, C.J., and RAHMEYER, J., Concur.