Jeremy M. BROOKS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 29628.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 23, 2010.

Kent Denzel, Assistant Public Defender, Columbia, MO, for Appellant.

Christ Koster, Attorney General, and James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Presiding Judge.

Jeremy M. Brooks ("Movant") appeals the motion court's denial of his *pro se* motion for post-conviction relief[1] following an evidentiary hearing. Finding that the motion court failed to *sua sponte* determine whether Movant was abandoned by his post-conviction counsel after Movant's counsel failed to file an amended motion or statement in lieu thereof, as required by Rule 24.035(e),[2] we reverse and remand with directions.

***Factual and Procedural Background***

By information filed August 1, 2005, Movant was charged with one count of the class C felony of stealing (§ 570.030, RSMo Cum.Supp.2004), two counts of the class B felony of assault of a law enforcement officer in the second degree (§ 565.082.1(1), RSMo Cum.Supp.2004), one count of the class D felony of resisting arrest (§ 575.150, RSMo 2000), and two counts of the class D felony of property damage in the first degree (§ 569.100, RSMo 2000). The charges stemmed from a series of incidents occurring on June 30, 2005, when Movant allegedly stole a motor vehicle and, in an attempt to avoid capture, fled from law enforcement officers in the stolen vehicle. During a high-speed pursuit, Movant rammed two police vehicles with his vehicle.

Eric Stryd, a public defender, represented Movant at his plea hearing, on November 5, 2005. Pursuant to a plea agreement, Movant pleaded guilty to one count of felony stealing and one count of resisting arrest. The State dismissed the other four counts. Movant was sentenced to consecutive terms of imprisonment of seven years and four years, respectively, after which execution of his sentences was suspended, and Movant was placed on five years' supervised probation.

On April 11, 2006, Movant appeared at a probation revocation hearing and admitted violating certain terms of his probation, which included using illegal substances, absconding, and failing to maintain employment. He was again represented by public defender Stryd, who argued for Movant to be ordered into an institutional treatment program for 120 days, presumably pursuant to section 559.115.3, RSMo. Cum. Supp.2005. The State argued for execution of Movant's original sentences. The

---

1. Movant filed a motion for post-conviction relief entitled "Motion For Review Of Judgment And Sentence Pursuant To Rule 29.15 M.R.S." In his underlying criminal case, Movant was convicted and sentenced on pleas of guilty, thus his motion for post-conviction relief is cognizable under Rule 24.035.

2. References to rules are to Missouri Court Rules (2006), unless otherwise indicated.

trial court revoked Movant's probation and ordered his original sentences executed.

Movant timely filed a *pro se* motion for post-conviction relief on August 17, 2006. Therein, Movant raised the following claims: that his sentences were severe and harsh in light of mitigating circumstances, which included Movant's deteriorating emotional state after his father's death, and counsel failed to advance this argument; that counsel was ineffective in waiving a pre-sentence investigation, without Movant's approval, which would have presented proof of mitigating circumstances warranting an alternative sentencing program or treatment; and that counsel was ineffective in failing to request a mental evaluation of Movant and in failing to request a pre-sentence investigation following the revocation of Movant's probation. On the same day, the motion court granted Movant leave to file *in forma pauperis* and appointed the "Post Conviction Relief Division of the Public Defender's Office" to represent Movant. An entry of appearance was filed on December 18, 2006, by Susan Warren, an assistant public defender. On February 27, 2007, Ms. Warren requested additional time to file an amended motion for post-conviction relief; leave was granted, allowing counsel an additional thirty days after the date the transcript was filed. The transcript was filed December 5, 2007. No amended motion was filed with the motion court.

At the evidentiary hearing held on May 20, 2008, Movant was represented by Ms. Warren. Movant asserts, and the State agrees, that the testimony at Movant's evidentiary hearing "largely concerned whether plea counsel was aware that [Movant] had attempted to commit suicide while he was incarcerated in the county jail after his arrest, and whether he had been told in advance that the sentences for the two offenses would run consecutively, if executed."

Movant contends that neither issue was raised in his *pro se* motion but were raised in an amended motion that was not filed. The amended motion was discovered in Movant's post-conviction counsel's file that was subsequently passed to the appellate division of the public defender's office. The State asserts that "the [motion] court's substantive findings and conclusions pertain not to [Movant's] *pro se* claims but to the two other claims apparently raised in the 'missing' amended motion."

The motion court's judgment, with its findings and conclusions, was filed January 20, 2009. The motion court concluded that Movant raised no claim of mental incapacity to his attorney, the plea court, or the revocation court, nor did Movant disclose to counsel or a health care provider his attempt at suicide; thus there was no indication that a mental examination would be warranted. The motion court further concluded that the evidence demonstrated that Movant understood that in accepting the plea agreement he would be sentenced to consecutive terms of imprisonment. Movant's request for post-conviction relief was denied. Movant now appeals from this denial.

### Standard of Review

Ordinarily, where a movant appeals the denial of post-conviction relief, our review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The motion court's findings of fact and conclusions of law are presumed correct and will be reversed only if, upon review of the entire record, this Court is left with a definite and firm impression that a mistake has been made. *Soto v. State,* 226 S.W.3d 164, 166 (Mo. banc 2007).

## Discussion

■ In his sole point relied on, Movant claims that the motion court plainly and clearly erred in failing to determine whether he was abandoned by post-conviction counsel, in that no amended motion or statement in lieu thereof was filed, as required under Rule 24.035(e). The State concedes this issue and suggests the case be remanded for hearing on the issue of whether Movant was abandoned by post-conviction counsel. We agree.

Rule 24.035(e) requires, in part:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion.

■ There exists an "assumption that the motion court and appointed counsel will comply with all provisions of the rule." *Luleff v. State,* 807 S.W.2d 495, 497–98 (Mo. banc 1991).[3] "At such time as the motion court may proceed to rule a post-conviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte,* regarding the performances of both movant and counsel." *Id.*

Here, no amended motion nor statement in lieu of an amended motion was formally filed with the motion court. While the parties contend that an amended motion was prepared, along with a cover letter for filing in the motion court, and that this amended motion was later discovered in Ms. Warren's file, no such motion is a part of the record here, and the docket sheets do not reflect the mandatory filing of an amended motion or a statement in lieu thereof from counsel. Following her entry of appearance, Ms. Warren requested an extension of time to file amended pleadings. Ms. Warren's request for additional time is deemed "an action demonstrating on the record that she had a basis for amending Movant's *pro se* motion." *See Smith v. State,* 240 S.W.3d 756, 760 (Mo. App.2007). Furthermore, there is nothing in the record before this Court to demonstrate that the motion court inquired into appointed counsel's performance or lack thereof.

■ Our Supreme Court has previously found abandonment "when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Barnett v. State,* 103 S.W.3d 765 (Mo. banc 2003) (citing *Moore v. State,* 934 S.W.2d 289, 291 (Mo. banc 1996)). "[W]here the record reflects that counsel has determined that there is a sound basis for amending the *pro se* motion but fails timely to file the amended motion,' this failure is considered 'abandonment' by post-conviction counsel." *Carrol v. State,* 286 S.W.3d 257, 260 (Mo.App.2009) (quoting

---

3. The Supreme Court in *Luleff* addressed a claim for post-conviction relief based on a conviction following trial, under Rule 29.15. Because Rule 29.15 is the counterpart to Rule 24.035 and both "rules are essentially identical and impose the same duties on appointed counsel [,]" a claim of abandonment by post conviction counsel pursuant to Rule 24.035 is also governed by *Luleff. Smith v. State,* 240 S.W.3d 756, 760 n. 4 (Mo.App.2007).

*Sanders v. State,* 807 S.W.2d 493, 494–95 (Mo. banc 1991)). "The failure to timely file the amended motion is considered abandonment 'because failure to file an amended motion in a timely manner constitutes a complete bar to consideration of the movant's claims not raised in the *pro se* motion.'" *Carrol,* 286 S.W.3d at 260 (quoting *Moore v. State,* 934 S.W.2d 289, 291 (Mo. banc 1996)). *See also Smith,* 240 S.W.3d at 760; *Bantle v. State,* 165 S.W.3d 233, 236 (Mo.App.2005) (post-conviction counsel's failure to timely file an amended motion does not comply with Rule 24.035 and is deemed abandonment).

Where there is an appearance of abandonment, as in this case, remand for a hearing for the purpose of determining if Movant was in fact abandoned is required unless the record reflects that non-compliance is a direct result of Movant's negligence. *Bantle,* 165 S.W.3d at 236. In the record before us, we find no evidence that Movant acted negligently in this regard. Movant's point is granted.

### Decision

The motion court's judgment denying Movant's *pro se* motion is reversed, and the cause is remanded for a determination of whether Movant was abandoned by post-conviction counsel. " 'The method of the motion court's inquiry may be formal or informal, so long as the process generates a sufficient record to demonstrate on appeal that the court's determination of the abandonment issue is not clearly erroneous.'" *Carrol,* 286 S.W.3d at 260 (quoting *Rutherford v. State,* 192 S.W.3d 746, 749 (Mo.App.2006)).

SCOTT, C.J., and RAHMEYER, J., concur.