David A. KREIDLER, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 31944.

Missouri Court of Appeals,
Southern District,
Division Two.

April 25, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied May
17, 2013.

Application for Transfer Denied
June 25, 2013.

Gary E. Brotherton, Columbia, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

DON E. BURRELL, J.

This case presents another occasion on which we must determine whether a particular set of facts constitutes abandonment by post-conviction counsel. The Appellant, David A. Kreidler ("Movant"), pleaded guilty to first-degree assault and armed criminal action, for which he received concurrent, fifteen-year prison terms. One-hundred-eighty-three days after Movant was delivered to the Department of Corrections ("DOC") to begin serving his sentences, his retained attorney ("original post-conviction counsel") filed an initial Rule 24.035[1] motion on Movant's behalf ("the original motion"). No amended motion was filed thereafter.

■ The original motion alleged Movant's guilty plea was involuntary and unknowing because trial counsel failed to investigate three topics: the victim's statements, the accuracy of law enforcement reports, and "the possible side effects of medication and [Movant's] alcohol addiction at the time of the alleged offenses." Movant asserted that "but for the errors of his [trial] counsel, [Movant] would not have pled guilty and would have insisted on going to trial." Although the motion court should have dismissed the original motion on the ground that it was untimely filed, the motion court did not do so.[2] The motion court held an evidentiary hearing on the original motion and thereafter denied relief.

Instead of appealing the motion court's denial of post-conviction relief, Movant

---

1. All rule references are to Missouri Court Rules (2012).

2. Rule 24.035(b) provides that a post-conviction motion "shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Absent an applicable exception, an untimely filing constitutes a complete waiver of the movant's right to proceed on a post conviction relief claim. *Dorris v. State*, 360 S.W.3d 260, 268 and n. 9 (Mo. banc 2012).

filed a motion with the motion court seeking to reopen his Rule 24.035 post-conviction matter ("motion to reopen").[3] When the motion to reopen was subsequently denied without an evidentiary hearing, Movant filed the instant appeal. In it, he contends the motion court clearly erred in denying his motion to reopen because it sufficiently alleged that original post-conviction counsel twice abandoned Movant: first, by filing the original motion out of time, and second, by failing to file an amended motion on Movant's behalf to add a claim that a psychiatrist's report obtained after Movant's plea and sentencing "would have established a basis for vacating [Movant's] guilty plea."

Because no purpose would be served by reopening claims already decided on their merits, and because Movant failed to provide this court with the psychiatrist's report, we affirm the denial of Movant's motion to reopen without an evidentiary hearing.

### Applicable Principles of Review and Governing Law

■ We review a motion court's decision to deny a motion to reopen post-conviction proceedings to determine "whether the motion court's findings and conclusions are clearly erroneous." *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009).[4]

■ A movant is entitled to an evidentiary hearing on a post-conviction motion

only if his motion meets three requirements: (1) it must contain facts, not

conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant.

*Simmons v. State*, 100 S.W.3d 143, 145 (Mo.App. E.D.2003). We see no reason to apply different requirements to a request for an evidentiary hearing on a motion to reopen a postconviction proceeding. *See Edgington v. State*, 189 S.W.3d 703, 707 (Mo.App. W.D.2006) (evidentiary hearing on motion to reopen post-conviction matter was not required where movant did not allege facts necessary for a claim of abandonment).

■ "The precise circumstances, in which a motion court may find abandonment [by post-conviction counsel], are not fixed[.]" *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008) (citing *McFadden v. State*, 256 S.W.3d 103 (Mo. banc 2008)).

### Factual and Procedural Background

Although the transcript of Movant's guilty plea was not included in the record on appeal, Movant does not dispute the motion court's finding in its original order denying post-conviction relief that the factual basis for Movant's guilty plea "was that Movant placed a loaded gun to the head of the victim and pulled the trigger." The motion court also found that Movant had indicated to his trial counsel "that the gun did not fire because [Movant] had forgotten to chamber a round."

Movant was delivered to DOC on May 21, 2009. The original motion was not

---

**3.** An associate of Movant's instant counsel argued at a subsequent hearing before the motion court that a direct appeal of the motion court's denial of post-conviction relief was not pursued "because the Southern District would have dismissed it for being untimely."

**4.** *Gehrke* specifically involved a Rule 24.035 motion following a guilty plea. It nonetheless discussed the nearly identical provisions of Rule 29.15. *Id.* at 57. Because the two rules are counterparts, *Brooks v. State*, 304 S.W.3d 764, 767 n. 3 (Mo.App. S.D.2010), we will cite cases that construe Rule 29.15 instead of Rule 24.035 without further distinction.

filed by original post-conviction counsel until November 20, 2009—three days after the deadline imposed by Rule 24.035(b) had expired. Original post-conviction counsel did not file thereafter an amended motion as permitted by Rule 24.035(g).

 Despite the untimely filing, the motion court held an evidentiary hearing on the original motion in August 2010. The record was then "held open for [Movant] to present further evidence." [5] Thereafter, the State filed a motion opposing Movant's intention to submit as such further evidence "Movant's 'Psychiatric Evaluation.'" The State's "Suggestions in Opposition to Movant's 'Psychiatric Evaluation'" purportedly incorporated the referenced evaluation as an exhibit.[6] The State objected to its admission and to the receipt of "any further evidence on this issue" because Movant's claim that he was incompetent at the time of his guilty plea was not contained in the original motion. The motion court held a hearing to "[d]iscuss Movant's Psychiatric Evaluation," and the resulting docket entry indicates only that the original motion was taken under advisement.

The motion court entered its order denying post-conviction relief with accompanying findings of fact and conclusions of law in December 2010. In it, the motion court found that Movant had entered into a written plea agreement wherein "the State agreed not to enhance the punishment in the case" (as would have been available based on Movant's criminal history), trial counsel had advised Movant "of the possibility of an enhanced sentence[,]" and Movant "admitted to having two prior felony convictions." The motion court also found that trial counsel did not investigate "the circumstances of the crime and conducted no depositions" because Movant told trial counsel that "he was guilty and wanted to enter a plea at arraignment" and "did not want to put the victim through any additional trouble."

The motion court concluded that Movant was really "rais[ing] one issue. It is the claim of Movant that trial counsel's failure to investigate the allegations against Movant invalidates his plea of guilty." The motion court noted that a guilty plea limits the ineffectiveness inquiry to whether the lawyer's "actions impinged on the movant's ability to enter a knowing and voluntary plea[,]" citing *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997), and that by pleading guilty a defendant in all other respects waives any complaints about trial counsel's failure to investigate the case, citing *Simmons*, 100 S.W.3d at 146. Here, the motion court concluded that trial counsel's failure to investigate did not render Movant's guilty plea either unknowing or involuntary; counsel "was simply following the wishes of his client of entering a plea to a crime which Movant readily admitted to having committed" pursuant to a plea agreement "which lessened the amount of punishment Movant was facing."

The order denying post-conviction relief and its accompanying findings and conclusions did not reference the tardy filing of the original motion, any side effects from

---

**5.** The transcript of the hearing on the original motion was not included in the record on appeal. As a result, we presume it would not support the allegations set forth in Movant's motion to reopen. *Cf. Kennedy v. State*, 771 S.W.2d 852, 854 (Mo.App. S.D.1989) (a trial transcript, although admitted as exhibit at a post-conviction hearing, was regarded as "unfavorable to movant" when it was not deposited with the appellate court). For the same reason, we also presume Movant's failure to provide us with the transcript of his guilty plea means that it would not support his claim that he was unable at that time to knowingly and voluntarily enter a guilty plea.

**6.** Although the State's motion was included in the legal file, its incorporated exhibits were not.

medications or alcohol Movant might have been experiencing at the time of his commission of the offense, or Movant's subsequent psychiatric evaluation regarding his alleged mental status at the time of his guilty plea.

After Movant obtained instant counsel, the motion to reopen was filed with the motion court in June 2011. The motion alleged, *inter alia,* that original post-conviction counsel undertook to file the original motion, knew the applicable filing deadline, and assured Movant that he would make the initial filing on a timely basis and that it would be "okay" if for some reason the motion was filed late. The motion to reopen also alleged that original post-conviction counsel told Movant the original motion "could not be changed once it was filed." Movant alleged original post-conviction counsel "had a forensic psychiatrist evaluate [Movant] ... [j]ust after the time for filing an amended motion would have expired even with a thirty (30) day extension[.]" Movant alleged the psychiatric evaluation concluded that Movant "suffered from severe depression at the time he pleaded guilty and would not have been able to weigh the alternatives to pleading guilty."[7] Movant's position was that the hearing on "the psychiatric evidence" "was cancelled when the State objected that the claim was not included in the [original motion]."

In a June 24, 2011 docket entry, the motion court overruled the motion to reopen. Movant then filed a "Motion to Reconsider & to Enter Findings of Fact, Conclusions of Law and Judgment; or, Alternatively, Motion for this Court to Enter a Formal Judgment" ("motion to reconsider"). The motion court held a hearing in October 2011 on the motion to reconsider, and it stated during the hearing that while original post-conviction counsel had not filed an amended Rule 24.035 motion, he "was involved in filing the original [m]otion" and such an additional obligation was not "anticipate[d]" by the rule. The motion court further noted that a formal "judgment" denying post-conviction relief had been entered on December 7, 2010, and it overruled the motion to reconsider.

### Analysis

Movant's point on appeal contends "[t]he motion court clearly erred in overruling [his] motion to reopen his [original motion] without an evidentiary hearing because ... [Movant] was abandoned by [original post-conviction counsel]" when he filed the original motion late and "failed to file an amended motion despite discovering a basis for doing so." We will address these contentions in the order presented.

### *Late Filing of the Original Motion*

Rule 24.035(b) provides that a post-conviction motion "shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." The State readily acknowledges that original post-conviction counsel was late in filing the original motion and that the motion should have been dismissed for that reason, citing *Dorris,* 360 S.W.3d at 268 and n. 9 (absent an applicable exception, an untimely filing constitutes a complete waiver of the movant's right to proceed on a post-conviction relief claim). Because the motion court instead granted Movant an evidentiary hearing and decided the original motion on its merits, the State argues that Movant could not have been prejudiced by the alleged abandonment. We agree.[8]

▮ "A reversal and remand is justified only when a movant has suffered prej-

---

7. As earlier noted, Movant did not provide this court with that psychiatric evaluation.

8. Saliently, Movant's brief does not assert how he was prejudiced by the late filing.

udice." *Morgan v. State,* 51 S.W.3d 550, 552 (Mo.App. E.D.2001) (when the motion court considered the amended motion, no prejudice resulted from the fact that it had not actually been filed). Assuming, *arguendo,* that Movant was abandoned when original postconviction counsel failed to timely file the original motion (a proposition the State does not concede), the proper remedy for such an abandonment would be to put Movant back into the position he would have occupied absent the abandonment. *Crenshaw,* 266 S.W.3d at 259. No remand is necessary here because it would grant Movant what he has already received—an evidentiary hearing and a merit-based ruling on the original motion. Because Movant suffered no prejudice, this portion of Movant's point fails.

### Counsel's Failure to File an Amended Motion

The remaining portion of Movant's claim is that original post-conviction counsel abandoned him by failing to file an amended motion to add a claim that a psychiatrist's report obtained after Movant's plea and sentencing "would have established a basis for vacating [Movant's] guilty plea."

Because we presume—by Movant's failure to include it in the record on appeal—that the psychiatrist's report would not support Movant's claim of actual prejudice, *see Kennedy,* 771 S.W.2d at 854, we cannot find that the motion court clearly erred in denying Movant's motion to reopen without an evidentiary hearing. The remainder of Point I is denied, and the decision of the motion court is affirmed.

DANIEL E. SCOTT, P.J., and JEFFREY W. BATES, J., concur.