STATE of Missouri, Plaintiff–Respondent,

v.

Michael A. TABOR, Defendant–Appellant.

No. 27218.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 3, 2006.

Irene Karns, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cecily L. Daller, Asst. Atty. General, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Michael Tabor ("Appellant") was convicted of felony animal abuse, a violation of section 578.012,[1] when he attempted to halter break a nine-month-old colt by dragging it behind a van and causing the horse's hooves and bones to be worn all the way into the joint. In his sole point relied on, he complains that the jury instruction misled the jury; however, he did not offer an instruction that correctly tracks section 578.012 and, thus, seeks plain error review. *See State v. Wurtzberger*, 40 S.W.3d 893, 897 (Mo. banc 2001) (holding that an appellant was only eligible for plain error review in the absence of the offer of an instruction that correctly tracks a statute). We decline such review and affirm the judgment.

Plain error review for a claim of instructional error is a two-step process. *State v. Hibler*, 21 S.W.3d 87, 96 (Mo.App. W.D.2000). First, the court must determine if the claim on its face establishes substantial grounds for believing an obvious and clear error resulting in manifest injustice has occurred. *Id.* Plain error exists where the trial court so misdirects or fails to instruct the jury that the instructional error affected the jury's verdict. *Id.* Plain error may still be reviewed under Rule 30.20[2] if a manifest injustice would otherwise occur. *Wurtzberger*, 40 S.W.3d at 898. "When an applicable MAI–

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

CR instruction is available, that instruction must be given by the trial court as written, and its use will not constitute error." *State v. Woodworth*, 941 S.W.2d 679, 699 (Mo.App. W.D.1997).

The instruction given at the trial was patterned on MAI–CR 3d 332.62. Appellant objected to the instruction because "it's not in proper form with the statute" in that the "MAI jury instruction[ ] 332.62 do[es] not comport with what the statutory requirement is with regard to finding a person guilty of a felony in this particular type of case." Appellant argued that the verdict director he submitted requires "a separate finding about the torture incident." Thereafter, Appellant requested that the court consider an alternative director, which was "directly lifted out of the statute."

Section 578.012 provides:

1. A person is guilty of animal abuse when a person:

. . . .

(2) Purposely or intentionally causes injury or suffering to an animal; or

. . . .

2. Animal abuse is a Class A misdemeanor, unless ... the suffering involved in subdivision (2) of subsection 1 of this section is the result of torture or mutilation, or both, consciously inflicted while the animal was alive, in which case it is a class D felony.

■ The submitted instruction, Instruction No. 5, was:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 24, 2004, in the County of Laclede, State of Missouri, the defendant caused suffering to a colt, and

Second, that the defendant did so purposely, and

Third, that the defendant tortured the animal, inflicting suffering upon it while it was still alive, then you will find the defendant guilty of animal abuse.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "purposely" means a person acts purposely, or with purpose, with respect to the person's conduct or to a result thereof when it is his or her conscious object to engage in that conduct or to cause that result.

Instruction No. B, as tendered by Appellant, reads as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 24, 2004[,] in the County of Laclede, State of Missouri, the defendant caused suffering to a colt, and

Second, that the defendant did so purposely, and

Third, that the defendant tortured the animal, consciously inflicting suffering upon it while it was still alive, then you will find the defendant guilty of animal abuse.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The difference in the two instructions is that Appellant added the word "consciously" to the third paragraph and, in conjunction with the submission of that verdict director, he also tendered Instruction No. A, which defined "consciously" to mean "fully aware of or sensitive to something." Appellant obtained the definition from a Random House dictionary because MAI

failed to define "consciously" as used in the statute. The trial court refused Instruction No. B stating that "consciously" was not in the third paragraph because the definition of "purposely" in the first paragraph includes a reference to "conscious object to engage in that conduct or cause that result." The trial court stated, "the structure of the MAI instructions the Supreme Court has chosen in its wisdom not to include that definition in the MAI instructions, and therefore, it is denied by the Court." We agree.

We find Appellant has failed to facially establish substantial grounds for believing a manifest injustice or miscarriage of justice has occurred. The jury instruction was properly patterned after a Missouri Approved Instruction. To find Appellant guilty of the class D felony of animal abuse, the jury had to find that Appellant purposefully caused injury or suffering to the colt as a result of torture or mutilation, or both, consciously inflicted while the animal was alive. We do not find plain error in the submitted instruction. As written, the instruction did not lessen the burden of proof. The trial court did not err in refusing the addition of "consciously" in the third paragraph of the verdict director and the dictionary definition of "consciously." The point is denied.

The judgment is affirmed.

PARRISH and SHRUM, JJ., concur.