Michael A. TABOR, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29132.

Missouri Court of Appeals,
Southern District,
Division One.

March 16, 2009.

Jeannie Willibey, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Appellant Michael A. Tabor ("Movant") appeals the motion court's denial without an evidentiary hearing of his *pro se* Motion to Vacate, Set Aside or Correct the Sentence and Judgment filed pursuant to Rule

29.15.[1] Movant asserts three points of motion court error.

The record reveals Movant was charged in the "First Amended Information" on June 7, 2005, with one count of the Class D felony of animal abuse, a violation of section 578.012, RSMo Cum.Supp.2001. Following a jury trial, Movant was convicted and sentenced to seven years in the Missouri Department of Corrections.[2]

On October 26, 2006, Movant timely filed his ninety-page, *pro se* "Motion to Vacate, Set Aside, or Correct Judgment or Sentence and Request for Evidentiary Hearing." On February 9, 2007, the motion court ordered the Public Defender's Office to represent Movant in his postconviction relief motion. An entry of appearance was filed by appointed counsel on March 12, 2007, and appointed counsel was granted additional time until May 10, 2007, to file an amended motion.

On April 23, 2007, Movant filed a *pro se* "Statement in Lieu of Filing an Amended Motion and Request for Evidentiary Hearing" ("Statement").[3] This Statement sets out that Movant's appointed counsel had reviewed the record; discussed the case with Movant; found "there [were] no additional grounds to be raised . . .;" and noted Movant wanted to proceed on his previously filed *pro se* Rule 29.15 motion. While this document was signed by Movant, the blank line on the document for counsel's signature was *not* signed by Movant's appointed counsel as expressly required by Rule 29.15(e). The record does show Movant's appointed counsel signed and filed some miscellaneous correspondence with the motion court relating to the "status of

---

1. All rule references are to Missouri Court Rules (2006).

2. This conviction was upheld on direct appeal to this Court in *State v. Tabor,* 197 S.W.3d 247 (Mo.App.2006).

3. We note this document has a file stamp on it from the circuit clerk of Pulaski County, but it is not listed in the motion court's docket sheet.

the case" on December 6, 2007; January 28, 2008; and April 10, 2008; however, no amended Rule 29.15 motion was ever filed in this matter.

On April 21, 2008, the motion court entered the following order: "Court reviews entire file individually, specifically Movant's Motion to Vacate, Set Aside, or Correct Judgment And Sentence. Court finds no valid reason hearing is necessary. Court denies motion in all its parts and as a whole." This appeal by Movant followed.

While Movant asserts three points of motion court error, our review of his complaints reveals that Point I is dispositive to this appeal; accordingly, we shall address only this point.

Movant's first point relied on asserts the motion court erred in denying his "Rule 29.15 motion without appointing new counsel to file an amended motion or alternatively, inquiring *sua sponte,* into the performance of postconviction counsel...." Specifically, he maintains Rule 29.15(e) was violated because "counsel did not file an amended motion;" "counsel did not file a statement in lieu of an amended motion;" and "although [Movant] filed a *pro se* statement in lieu of amended motion, counsel did not sign it and this did not relieve counsel of his responsibilities under Rule 29.15." He asserts the motion court's "failure to appoint new counsel or alternatively, determine whether [Movant] had been abandoned [by counsel] deprived [him] of his rights under Rule 29.15 and to meaningful review of all his postconviction claims...." We agree.

■ Generally, appellate review of the denial of postconviction relief "is limited to a determination of whether the motion court's findings of fact and conclusions of law issued in support thereof are clearly erroneous." *Brooks v. State,* 208 S.W.3d 363, 365 (Mo.App.2006); *see Moss v. State,*

10 S.W.3d 508, 511 (Mo. banc 2000). " 'Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made.' " *Brooks,* 208 S.W.3d at 365 (quoting *State v. Taylor,* 944 S.W.2d 925, 938 (Mo. banc 1997)).

Rule 29.15(e) sets out that

[w]hen an indigent movant files a *pro se* motion, the court shall cause counsel to be appointed for the movant. Counsel *shall ascertain* whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel *shall* file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the *pro se* motion and (2) all claims known to the movant are alleged in the *pro se* motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

(Emphasis added.)

■ "Missouri precedent has repeatedly held allegations of ineffectiveness of [postconviction] counsel are not cognizable unless it amounts to abandonment." *Mitchem v. State,* 250 S.W.3d 749, 751 (Mo. App.2008); *see State v. Bradley,* 811 S.W.2d 379, 384 (Mo. banc 1991).

Abandonment by [postconviction] counsel is limited to two circumstances: (1)

where counsel fails to take any action with respect to filing an amended motion and the movant is thereby deprived of a meaningful review of his claims; and (2) where counsel fails to file a timely amended motion despite being aware of the need to do so.

*Simmons v. State,* 240 S.W.3d 166, 171 (Mo.App.2007); *see Mitchem,* 250 S.W.3d at 751.

The notion of abandonment of postconviction counsel was first recognized by the Supreme Court of Missouri in *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991), which were decided at the same time.[4]

In *Luleff,* 807 S.W.2d at 498, the Supreme Court of Missouri held that appointed counsel's failure to fulfill duties imposed on him by the prior version of Rule 29.15(e) could constitute abandonment and could entitle movant to appointment of new counsel with an extension of time to file an amended motion. The *Luleff* court discussed two factors related to abandonment: (1) no activity on movant's behalf by postconviction counsel; and (2) absence of a record that showed whether appointed counsel made the determinations required by Rule 29.15(e). *Id.* The court held that "[a]bsent some performance by appointed counsel, the motion court cannot determine whether the *pro se* pleading can be made legally sufficient by amendment or whether there are other grounds for relief known to movant but not included in the *pro se* motion." *Id.* (emphasis added). The *Luleff* court stated:

[a] record that does not indicate whether appointed counsel made the determinations required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte,* regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary. . . .

*Id.*

In *Sanders,* 807 S.W.2d at 494–95, the Supreme Court of Missouri explained

[t]he considerations underlying this Court's holding in *Luleff* are equally compelling in this case where the record reflects that counsel has determined that there is a sound basis for amending the *pro se* motion but fails timely to file the amended motion as required by Rule 29.15(f). The failure is, in effect, another form of 'abandonment' by postconviction counsel.

\* \* \*

**4.** Both *Luleff* and *Sanders* were decided under a prior version of Rule 29.15(e) which did not include the requirement that an actual statement in lieu of an amended motion be filed. *See Carroll v. State,* 131 S.W.3d 907, 910 (Mo.App.2004). The version of Rule 29.15(e) which included the requirement relating to statements in lieu of amended motions went into effect on January 1, 1996, nearly five years after the decisions in *Luleff* and *Sanders.*

When movant's claim regarding failure of appointed counsel to file a timely amended motion is countenanced by the motion court, relief is to be ordered only when a movant is free of responsibility for the failure to comply with the requirements of the rule. Neither movant nor counsel shall be permitted to frustrate one of the central purposes of Rule 29.15—to have a timely adjudication of all claims in a single proceeding.... At such time as counsel may seek leave to file pleadings out of time, the motion shall set forth facts, not conclusions, showing justification for untimeliness. Where insufficiently informed, the court *is directed to make independent inquiry* as to the cause of the untimely filing. *Id.* at 495 (emphasis added); *see Rutherford v. State,* 192 S.W.3d 746, 750 (Mo.App. 2006).

■ Here, Movant filed his *pro se* Rule 29.15 motion and then filed his *pro se* Statement. While Movant's Statement sets out activities purportedly performed by his appointed counsel, we note that appointed counsel did not sign the Statement as required by Rule 29.15(e). This is a significant omission. Facially, appointed counsel failed to comply with Rule 29.15(e) by his failure to file a statement with the motion court "setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the *pro se* motion and (2) all claims known to the movant are alleged in the *pro se* motion." (Emphasis added.) Indeed, as best we discern from the record, the only pleadings and actions appointed counsel signed were entries of appearance; the requesting of additional time to file a brief; and the forwarding of

correspondence to the motion court relating to the "status of the case" on three occasions. "A record that does not indicate whether appointed counsel made the determinations required by Rule 29.15(e) creates a presumption that counsel failed to comply with the rule," and in such situations the motion court is charged with making some kind of *sua sponte* inquiry regarding the performance of counsel. *Luleff,* 807 S.W.2d at 498 (italics omitted). Point One has merit.

Accordingly, the judgment of the motion court is reversed and the cause remanded for further proceedings consistent with this opinion to determine whether appointed counsel acted to ascertain if sufficient facts were asserted in Movant's *pro se* motion and whether Movant included all grounds known to him. The motion court shall make findings on this issue. If the motion court finds that appointed counsel has not performed as required by Rule 29.15(e), and the lack of performance is not the result of Movant's negligence or intentional conduct, the motion court shall appoint new counsel allowing time, if necessary, to amend the *pro se* motion as permitted by Rule 29.15, and the cause shall proceed anew according to the provisions of Rule 29.15.[5]

BATES, J., and SCOTT, P.J., concur.

---

5. In view of our disposition we do not reach Movant's assertions in his second point that the motion court erred by not holding an evidentiary hearing and making specific findings of fact and conclusions of law. On remand, the motion court is reminded that Rule 29.15(j) mandates that "the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."