**Paul Carmen WHITE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. SD 31300.**

Missouri Court of Appeals,
Southern District,
Division One.

May 11, 2012.

Margaret M. Johnston, Columbia, MO, for appellant.

Chris Koster, Attorney General, and Jennifer A. Wideman, Assistant Attorney General, Jefferson City, MO, for respondent.

DON E. BURRELL, Presiding Judge.

Paul Carmen White ("Movant") appeals the denial, after an evidentiary hearing, of his amended Rule 24.035 motion to set aside his guilty pleas to first-degree robbery, armed criminal action, and killing or disabling a police animal. *See* sections 569.020, 571.015 and 575.350.[1] Movant's

Rules (2011). All statutory references are to

sole point on appeal alleges the motion court clearly erred in denying his amended motion "because the record shows on its face that [Movant] was abandoned by post-conviction counsel[.]" We deny Movant's point because his claim was not presented to the motion court for its resolution.

Movant's claim to the motion court was that his guilty plea was involuntarily entered because his trial counsel had ineffectively represented him. After holding an evidentiary hearing on that claim, the motion court denied relief in its "Findings of Fact, Conclusions of Law, and Judgment Entry" entered March 24, 2011. The motion court's findings were that trial counsel was not ineffective and that Movant had entered his guilty pleas "voluntarily and freely, being fully informed of all his rights." The motion court did not address any claim of abandonment by post-conviction counsel as no such claim was included in the amended motion.[2]

"Appellate review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Bott v. State*, 353 S.W.3d 404, 408 (Mo.App. S.D.2011). Generally, a matter not presented to the motion court may not be presented to the appellate court for review. *Hoskins v. State*, 329 S.W.3d 695, 696 (Mo. banc 2010).

"There is no 'plain error' review in appeals from denial of relief under Rule 24.035." *Id.* Because Movant did not present to the motion court his claim that he was abandoned by post-conviction counsel, his point is denied, and the motion court's denial of post-conviction relief is affirmed.[3]

RAHMEYER and LYNCH, JJ., Concur.

---

RSMo 2000.

**2.** "Claims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel." *Taylor v. State*, 254 S.W.3d 856, 858 (Mo. banc 2008). "If a [motion] court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008) (addressing a Rule 29.15 motion claiming abandonment by post-conviction counsel).

**3.** The State mentions in its brief that the Western District has opined that a movant might be able to raise an abandonment claim not previously presented by filing a request with the motion court to reopen his or her post-conviction case. *Hutton v. State*, 345 S.W.3d 373, 377 (Mo.App. W.D.2011) (citing *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001)). We see no reason to address the question here as Movant did not ask the motion court to allow him to reopen his post-conviction case. In *Burston v. State*, 343 S.W.3d 691, 694 n. 2 (Mo.App. E.D.2011), a movant raised for the first time in the argument section of his appellate brief the assertion that a subsequent claim of abandonment might qualify as an exception to Rule 29.15(1)'s prohibition of successive post-conviction motions. The Eastern District refused to address the claim as it was not included in a point relied on. *Id.*