**Blake N. LOGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 74133.**

Missouri Court of Appeals,
Western District.

Sept. 25, 2012.

As Corrected Oct. 3, 2012.

Craig A. Johnston, Assistant Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

Blake Logan appeals the motion court's denial, following an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. Logan claims that post-conviction counsel abandoned him when counsel filed, pursuant to Rule 24.035(e), a statement in lieu of an amended motion and did not raise a claim of prosecutorial vindictiveness. We affirm.

## Factual Background

Logan was originally charged in Boone County with the class A felony of second-degree (felony) murder, section 565.021,[1] the class A felony of first-degree robbery, section 569.020, and the unclassified felony of armed criminal action, section 571.015, based upon his participation in activities surrounding the death of Nicole Crumby. On October 7, 2010, Logan appeared before the Honorable Gary M. Oxenhandler to plead guilty, pursuant to an agreement with the State, to only the charge of second-degree (felony) murder.

---

1. All statutory citations refer to RSMo Cum. Supp.2008, unless otherwise noted.

In exchange for Logan's guilty plea to second-degree (felony) murder, the State agreed to dismiss the remaining charges and recommend a sentence of twenty-four years imprisonment. Logan waived his right to a sentencing assessment report.

After discussing the various rights associated with a jury trial that Logan was relinquishing through his guilty plea, and verifying that Logan, indeed, understood and wished to waive those rights, the plea court ensured that Logan understood the available range of punishment and the State's recommendation. The plea court then addressed the voluntariness of Logan's plea, and Logan indicated that, apart from the plea agreement, there had been no promises made to him or threats made against him to induce his plea. The court then laid a factual basis for Logan's plea, wherein Logan acknowledged fatally shooting Crumby in the head while forcibly stealing marijuana from her.

The court questioned Logan about the assistance of counsel. Logan denied having any complaints of plea counsel, acknowledging that he was provided with ample opportunity to meet with counsel and discuss his case and that there was nothing counsel refused to do that he wished counsel to do. Logan then entered his plea of guilty to second-degree (felony) murder, indicating that he was pleading guilty because he was, in fact, guilty as charged. The court accepted the plea, finding that Logan had received effective assistance from counsel, and sentenced Logan to twenty-four years in the Department of Corrections.

Shortly thereafter, Logan filed a *pro se* Rule 24.035 motion for post-conviction relief. Logan's motion alleged that he received ineffective assistance of counsel and that there was insufficient evidence to support his conviction. To support his ineffective assistance claim, Logan alleged that he was "rarely spoken to" about his case, that his public defender's caseload was "past the max," that he had insufficient time to prepare his case, and that his public defender changed multiple times. To support his insufficient evidence claim, Logan alleged that there was no murder weapon, GSR,[2] or witnesses to the murder; and that the State could not "100%" put him at the scene of the murder or establish that he was "the one who did it."

The motion court appointed counsel to represent Logan, and, pursuant to Rule 24.035(e), appointed counsel filed the following statement in lieu of an amended motion:

In the preparation of movant's postconviction relief case, counsel has corresponded with movant and has reviewed the following: guilty plea and sentencing transcripts from the underlying criminal case, relevant court documents from the criminal case, the criminal files created by movant's former plea attorney including police reports, autopsy reports, lab reports, correspondence, research, related newspaper articles, and the *pro se* Form 40 motion filed by movant in the postconviction case. Based on this review, counsel has determined that all facts supporting the claims are asserted in the *pro se* motion and all claims known to the movant are alleged in the *pro se* motion. Counsel apprised movant of his intent to not file an amended motion by mailing a copy of this statement on April 18, 2011.

The statement advised that: "Movant may file a reply to this statement by counsel

---

**2.** "GSR" is a common abbreviation for "gun shot residue," which consists of various chemical elements found in gun powder that can be deposited on objects very near to a gun when it is fired.

not later than ten days after this statement is filed." Logan filed no such reply.

The motion court held an evidentiary hearing, wherein appointed counsel presented testimony from Logan and plea counsel regarding the claims made in Logan's *pro se* motion. During the hearing, some evidence was presented indicating that, if Logan had not accepted the plea agreement offer, the State would have sought an indictment against him for first-degree murder. The State also indicated its intent to seek an indictment for first-degree murder should Logan be successful in vacating his guilty plea to second-degree murder through his post-conviction motion.

Following the hearing, the motion court issued its findings of fact and conclusions of law, denying Logan's request for post-conviction relief. Logan has now appealed, arguing that the motion court's decision was incorrect because he was abandoned by post-conviction counsel when post-conviction counsel failed to file an amended motion raising a claim of prosecutorial vindictiveness based upon the indications that the State intended to seek an indictment against Logan for first-degree murder if he did not accept the offer to plead guilty to second-degree (felony) murder.

## Standard of Review

[R]eview of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling.

*Dodson v. State*, 364 S.W.3d 773, 776 (Mo. App. W.D.2012) (quoting *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011)).

## Analysis

 Contrary to our standard of review, Logan does not ask us to review any findings of fact or conclusions of law rendered by the motion court. Rather, he seeks to establish, for the first time on appeal, that his appointed post-conviction counsel rendered ineffective assistance when counsel filed a statement in lieu of an amended motion (as counsel was permitted to do pursuant to Rule 24.035(e)) and thereby failed to raise an allegedly meritorious claim of prosecutorial vindictiveness. Because this claim was not presented to the motion court, it is not preserved for review on appeal. *Valdez v. State*, 35 S.W.3d 877, 878 (Mo.App. S.D.2001). And although Rule 84.13 authorizes plain error review of unpreserved errors on appeal in some instances, it does not apply to Rule 24.035 proceedings. *Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010);[3] *see also*

---

**3.** The rationale for the ruling in *Hoskins* was based upon the waiver provision of Rule 24.035(d), which provides that "the movant waives any claim for relief known to the movant that is not listed in the motion." We find an additional reason for precluding the use of plain error review in appeals from the denial of post-conviction relief to be present in this case. Logan's claim, as discussed more thoroughly in the body of the opinion, is that his post-conviction counsel was ineffective. Even

assuming that such a claim, if true, would entitle Logan to relief, it would require the presentation of evidence and factual determinations by a lower court as to the existence of any trial strategy on the part of Logan's post-conviction counsel. *See, e.g., Martinez v. Ryan*, — U.S. —, —, 132 S.Ct. 1309, 1318, 182 L.Ed.2d 272 (2012) ("Ineffective-assistance claims often depend on evidence outside the trial record. Direct appeals, without evidentiary hearings, may not be as effec-

*White v. State,* 366 S.W.3d 103, 104 (Mo. App. S.D.2012) (refusing to review claim of abandonment by post-conviction counsel raised for the first time on appeal of denial of post-conviction motion).

## A. Post-conviction counsel did not abandon Logan.

Recognizing that our case law has consistently refused to recognize claims of ineffective assistance of post-conviction counsel on appeal from the denial of a post-conviction motion, *see Hutchison v. State,* 150 S.W.3d 292, 303 (Mo. banc 2004), Logan first argues that his post-conviction counsel abandoned him.

■ The Missouri Supreme Court has recognized that "abandonment" by post-conviction counsel can excuse the waiver provision of Rule 24.035(d) [4] in three limited contexts: (1) when post-conviction counsel takes no action with respect to filing an amended motion, thus depriving the movant of a meaningful review of his claims; (2) when post-conviction counsel is aware of the need to file an amended motion but fails to do so in a timely manner; and (3) "where postconviction counsel overtly acts in a way that prevents the movant's timely filing of a postconviction motion." *Gehrke v. State,* 280 S.W.3d 54, 57 (Mo. banc 2009).

Rule 24.035(e), however, allows post-conviction counsel the option of not filing an amended motion if counsel determines "that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion," and if counsel files a statement to the court indicating the same. If counsel chooses to file a statement in lieu of an amended motion, the rule further requires that counsel present the statement to the movant before filing it, and the rule then allows the movant ten days after it is filed in which to file a reply to counsel's statement. Rule 24.035(e).[5]

■ Here, post-conviction counsel intentionally opted not to file an amended motion, and instead, counsel filed the statement required by Rule 24.035(e). None of the current recognized forms of abandonment encompass this situation. Logan's true claim is that post-conviction counsel was ineffective for failing to raise a claim of prosecutorial misconduct within an amended motion. "[R]eview of whether [post-conviction counsel] should have filed an amended motion with supplemental claims [instead of a statement pursuant to Rule 24.035(e) ] is beyond the scope of the analysis on the issue of abandonment and constitutes an unreviewable post-conviction ineffective assistance of counsel claim." *Dean v. State,* 314 S.W.3d 402, 407 (Mo. App. S.D.2010); *see also Gehrke,* 280 S.W.3d at 58 ("This Court 'has repeatedly held it will not expand the scope of abandonment to encompass perceived ineffectiveness of post-conviction counsel.'" (quoting *Barnett v. State,* 103 S.W.3d 765, 774 (Mo. banc 2003))). We decline Logan's

---

tive as other proceedings for developing the factual basis for the claim."). Because no such evidence was presented at the motion court level, and because the motion court made no findings of fact or conclusions of law for us to review on this issue, plain error review is unavailable.

**4.** *See supra* note 3.

**5.** Logan has not argued that counsel abdicated his duty to examine the record to ascertain whether Logan asserted all claims known to him, along with sufficient facts supporting his alleged grounds for post-conviction relief. *See Moore v. State,* 934 S.W.2d 289, 292 (Mo. banc 1996); *Riley v. State,* 364 S.W.3d 631, 637–38 (Mo.App. W.D.2012). Counsel's Rule 24.035(e) statement suggests, to the contrary, that counsel in fact conducted a thorough review of the record before determining that no amendment was necessary.

invitation to expand the abandonment doctrine.

## B. The U.S. Supreme Court's ruling in *Martinez v. Ryan* does not alter the result.

Logan argues in the alternative that, if we reject his claim of abandonment, his claim nevertheless warrants relief on the theory that he was entitled to the effective assistance of post-conviction counsel, which he claims he did not receive. Logan bases his argument primarily upon the U.S. Supreme Court's recent ruling in *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

In *Martinez*, a federal habeas petitioner sought to excuse his state procedural default on a claim for relief by alleging that his post-conviction counsel provided him ineffective assistance when she failed to raise the claim at issue in the petitioner's post-conviction proceedings. *Id.* at 1314–15. The petitioner argued that post-conviction counsel's failure established the "cause" portion of the "cause and prejudice" standard required for excusing procedural defaults. *Id.* at 1316. Based upon the facts that the petitioner was unable to raise claims of ineffective assistance of trial counsel on direct appeal and was instead required to raise it in an initial-review collateral proceeding where counsel was not constitutionally required, the Court held that "counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default." *Id.* at 1318.

Though the *Martinez* opinion speaks in terms of ineffective assistance of post-conviction counsel, we do not believe that it can be read to authorize the claim made here by Logan. Unlike the petitioner in *Martinez*, Logan is not seeking to establish post-conviction counsel's ineffective-

ness for the purpose of excusing a procedural default. Rather, Logan is seeking to establish post-conviction counsel's ineffectiveness for purposes of getting a second opportunity to pursue relief under Rule 24.035. The holding in *Martinez* is not so broad. The exact holding in *Martinez* is as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

The Southern District of this court recently addressed a claim very similar to Logan's in *Yarberry v. State*, 372 S.W.3d 568 (Mo.App. S.D.2012). There, the post-conviction movant argued for the first time on appeal that post-conviction counsel rendered ineffective assistance by failing to include all claims known to the movant in the amended motion. *Id.* at 574–75. The movant relied on *Martinez* to support his claim. *Id.* The Southern District rejected the movant's claim, finding that the holding of *Martinez* was limited, and "[w]hile *Martinez* could potentially aid [the movant] in the future if he were to file a federal habeas action, it is of no aid to him in the instant Rule 24.035 matter." *Id.*

■ We agree with the Southern District. The limited holding of *Martinez*, while having the potential to aid Logan should he file a future federal habeas action,[6] does not afford Logan a second

---

6. We express no opinion on the merits of Logan's claim of prosecutorial vindictiveness.

chance at obtaining relief through a Rule 24.035 proceeding.[7]

Point denied.

## Conclusion

As Logan has not challenged any of the actual findings of fact or conclusions of law issued by the motion court, and we cannot review the claim he raises for the first time on appeal, the motion court's decision is affirmed.

VICTOR C. HOWARD, Presiding Judge, and CYNTHIA L. MARTIN, Judge, concur.

---

7. Rule 24.035(*l*) expressly prohibits the motion court from entertaining successive post-conviction motions. If we were to review Logan's claim of ineffective assistance of post-conviction counsel, raised for the first time on appeal of the denial of his post-conviction motion, and grant him relief, the result would be to allow him a "do-over" on his post-conviction relief effort, which would effective-ly violate this provision, as well as the waiver provision of Rule 24.035(d). As explained above, Logan's claim does not constitute abandonment. If, in fact, this were an abandonment case, movant's subsequent request would be viewed as a motion to reopen the original proceedings rather than as a successive motion.