

# In the
# Missouri Court of Appeals
# Western District

JAMES LEON SCOTT,

        **Appellant,**

v.

STATE OF MISSOURI,

        **Respondent.**

**WD77555**

**OPINION FILED:**

**June 9, 2015**

**Appeal from the Circuit Court of Adair County, Missouri**
**The Honorable Russell Ellis Steele, Judge**

**Before Division One:**
**James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.**

James Scott appeals the circuit court's denial, following an evidentiary hearing, of his claim that he was abandoned by his post-conviction counsel in his Rule 24.035 case. We affirm.

## Background

The State charged Scott with the class C felony of possession of a controlled substance, as a "persistent drug offender," and the class A misdemeanor of driving while revoked. In March 2011, Scott appeared before the circuit court to enter a guilty plea to the drug charge, pursuant to a plea agreement with the State. At the plea hearing, the prosecutor recited the range of punishment for the drug offense and outlined the anticipated evidence. After inquiring to ensure that the plea was knowing, intelligent, and voluntary and supported by a sufficient factual basis,

the court accepted Scott's guilty plea. [1] On April 18, 2011, the judge sentenced Scott to twenty years' imprisonment. Scott did not appeal his conviction.

Scott filed a timely *pro se* motion for post-conviction relief ("PCR"), pursuant to Rule 24.035, on July 22, 2011. Scott alleged that his trial counsel was ineffective, that Scott was not made aware of the terms of the plea agreement, that his sentence was excessive, and that collusion or threats affected the outcome of his case.

The circuit court appointed Kirk Zwink to represent Scott, and Zwink entered his appearance on January 10, 2012. Nothing further was filed on Scott's behalf until January 17, 2013, when Scott filed a *pro se* amended PCR motion. The amended motion alleged that trial counsel was ineffective in failing to seek suppression of the evidence and in not contesting the chain of custody of the seized drugs. The motion also stated that post-conviction counsel had not "bothered" to contact Scott, file an amendment, or "take any legal action on his behalf."

Four months later, Scott filed a "Motion to Replace Counsel," which alleged, in part, that post-conviction counsel "has not bothered to contact Movant; has not corresponded with Movant; has not investigated the case in any manner; has not acquired any . . . documents that are a matter of record," and had essentially done no work on his case.

On September 23, 2013, at the evidentiary hearing on Scott's PCR motion, the circuit court asked if Scott wanted to take up his motion to replace counsel. Scott replied that he wanted to pursue the motion if they were "never going to get anything done." The court stated:

> We are going to have a hearing today with Zwink here. If I were to replace him, which I'm disinclined to do, but if I were, that means we are not going to have a

---

[1]Scott agreed to plead guilty to the drug charge in exchange for a twenty-year sentence and dismissal of the driving offense; Scott's twenty-year sentence was to run concurrently with a twelve-year sentence in another case; and Scott would waive his probation revocation hearing in the other case.

hearing today. So are you still asking the court to consider your motion to replace counsel at this time?

After Scott indicated that he had not understood the question, the court again asked if he still wanted to replace his counsel. Scott replied, "No." The court denied the motion to replace counsel, heard Scott's testimony on his *pro se* claims, and took the matter under advisement.

A docket entry indicates that the court held a telephone conference on April 14, 2014, after which the court granted Zwink thirty days to file a statement in lieu of an amended motion explaining his reasons for not filing an amended motion, pursuant to Rule 24.035(e).

Three days later, on April 17th, Zwink filed his statement. It stated that he was not filing an amended motion because all pertinent facts and claims had been included in Scott's *pro se* motion, and it listed the actions counsel had taken in reaching his conclusion. Zwink mailed a copy of the statement to Scott on the same day that the statement was filed. He also sent Scott a letter stating that he had advised the circuit court prior to the evidentiary hearing that he did not intend to file an amended motion. The letter informed Scott that he had ten days from the statement filing date to file any reply.

The circuit court entered its findings of fact, conclusions of law, and judgment as to Scott's post-conviction motion on April 22, 2014. The judgment also addressed Scott's motion to replace counsel, treating it as a claim of abandonment. The circuit court observed that "No Amended Motion was filed by counsel but Movant's attorney, Kirk Zwink, filed his Statement of Appointed Counsel pursuant to Rule 24.035(e)." The court concluded that Zwink's statement satisfied the requirements of Rule 24.035(e) and that Scott had not been abandoned. The circuit court then addressed and denied the remainder of Scott's post-conviction claims.

Scott responded to Zwink's statement on April 23, 2014. Scott acknowledged that counsel had spoken to him but complained that counsel had said that "he could do nothing to represent plaintiff in his case." Scott also claimed that many of the things counsel asserted that he had done had not actually been done. Scott again noted counsel's lack of work in his case and essentially re-raised his claim of abandonment. The court had ruled a day earlier, based on the evidentiary hearing and Zwink's statement, that Scott was not abandoned by Zwink.

## Standard of Review

"When a motion court overrules a motion claiming abandonment by post-conviction counsel, [our] review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Vogl v. State*, 437 S.W.3d 218, 224 (Mo. banc 2014); Rule 24.035(k). We will find the findings and conclusions to be "clearly erroneous" only if, after a review of the record, we are "left with the definite and firm impression that a mistake has been made." *Vogl*, 437 S.W.3d at 224. The movant must prove, by a preponderance of the evidence, that the motion court clearly erred. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009).

## Discussion

Scott argues on appeal that the circuit court clearly erred in finding that he was not abandoned by his post-conviction counsel (1) because counsel failed to comply with the requirement in Rule 24.035(e) that counsel present his statement in lieu of an amended motion to the movant before filing it in the motion court and (2) because counsel did "virtually nothing on his behalf other than appear at the motion hearing."[2]

To obtain post-conviction relief following a guilty plea, a movant first must file a timely Rule 24.035 motion. Rule 24.035(a), (b). Once an indigent movant files a *pro se* motion, then

[2]Scott does not contest the circuit court's denial of his *pro se* post-conviction claims.

4

the court "shall cause counsel to be appointed" to represent the movant. Rule 24.035(e). Appointed counsel must investigate the claims in the *pro se* motion and decide whether to file an amended motion. *Id*. Rule 24.035(e) permits appointed counsel to opt not to file an amended motion "if counsel determines 'that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion,' and if counsel files a statement to the court indicating the same." *Logan v. State*, 377 S.W.3d 623, 627 (Mo.App. 2012). If counsel chooses to file a statement in lieu of an amended motion, counsel must present the statement to the movant before filing it, and the movant must file any reply within ten days after the statement is filed. *Id*.; Rule 24.035(e).[3]

If post-conviction counsel fails to comply with the provisions of the Rule, it raises a presumption that he has abandoned the movant. *See Riley v. State*, 364 S.W.3d 631, 636-37 (Mo. App. 2012)[4]; *Bantle v. State*, 165 S.W.3d 233, 235 (Mo. App. 2005). Our Supreme Court has recognized a limited number of situations that may constitute abandonment. *Stanley v. State*, 420 S.W.3d 532, 541 (Mo. banc 2014). Pertinent to this case, the Court has found abandonment

---

[3]Rule 24.035(e) provides in its entirety:

> When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

[4]*Riley* addresses abandonment in the context of Rule 29.15, which pertains to a claim for post-conviction relief from a conviction after trial. 364 S.W.3d at 636. Rule 29.15 is the counterpart to Rule 24.035; both "rules are essentially identical and impose the same duties on appointed counsel[.]" *Brooks v. State*, 304 S.W.3d 764, 767 n.3 (Mo. App. 2010). Thus, as in other such cases, we treat decisions regarding one of these Rules as applicable to both. *See id*.; *Linder v. State*, 404 S.W.3d 926, 929 n.5 (Mo. App. 2013).

when there was a "complete absence of performance" by appointed counsel, *Luleff v. State,* 807 S.W.2d 495, 497 (Mo. banc 1991), or when appointed counsel determined that an amended motion was necessary but failed to file the amendment in a timely fashion, *Sanders v. State,* 807 S.W.2d 493, 494-95 (Mo. banc 1991).*Id*. at 541-42.

Scott makes a claim of abandonment as recognized in *Luleff*: he claims that his post-conviction counsel did "virtually nothing on his behalf," thereby depriving him of a meaningful review of his claims. *See Stanley*, 420 S.W.3d at 542. Here, however, Zwink determined that an amended motion was unnecessary and filed a statement in lieu of an amended motion instead. According to his letter, Zwink had informed the circuit court before the evidentiary hearing that he would not be filing an amended motion. At the evidentiary hearing, Zwink informed the court that Scott was proceeding on his *pro se* claims, and he presented Scott's testimony on those claims. While that record alone would not have been sufficient to show that counsel complied with the Rule, after the hearing, the circuit court granted Zwink thirty days in which to file a statement "regarding his failure to file an amended PCR motion, pursuant to Rule 24.035(e)."[5]

Zwink thereafter filed his statement asserting that Scott's *pro se* motion included "all facts supporting the claims" and "all claims know[n] to the movant." Counsel stated that "[a]n amended motion could not better express the facts and/or supporting grounds." Further, counsel stated that he had talked to Scott and to trial counsel, and that he had reviewed transcripts of the pleas, copies of the police reports, and copies of the charging documents. As noted, the court concluded that this statement complied with Rule 24.035(e).

---

[5]To the extent that Scott suggests that the late filing of counsel's statement raised a presumption of abandonment, we disagree. Recently, in *Pennell v. State*, --- S.W.3d ---, No. ED101708, *slip op*. at 7-8 (Mo. App., May 19, 2015), the Eastern District of this Court noted that Rule 29.15(g) (the equivalent of Rule 24.035(g)) is "silent" as to any time limit for statements in lieu and explicitly held that the failure to file such a statement within the time limits for filing an amended motion does *not* create a presumption of abandonment.

Once counsel filed the statement and made his determination a part of the record, it was not "clearly erroneous" for the circuit court to conclude that counsel had not abandoned Scott. A decision by PCR counsel to file a statement in lieu of an amended motion, as permitted by Rule 24.035(e), does not, in itself, constitute abandonment. *See Logan*, 377 S.W.3d at 627 (held that "[n]one of the current recognized forms of abandonment encompass [that] situation"). Nor does the mere fact that counsel opted not to amend the *pro se* motion constitute abandonment. *Harper v. State*, 404 S.W.3d 378, 385 (Mo. App. 2013). Such a claim is simply an allegation of ineffective assistance of post-conviction counsel, which is not reviewable. *Id*. Our Supreme Court consistently has refused to expand the circumstances that constitute abandonment to include such claims. *Stanley*, 420 S.W.3d at 542. *See, e.g.,Dean v. State*, 314 S.W.3d 402, 405-407 (Mo. App. 2010) (holding that whether counsel should have filed an amended motion to add claims from the movant's "reply" to counsel's statement in lieu is "beyond the scope" of an abandonment analysis and constitutes an unreviewable claim of post-conviction ineffective assistance of counsel).

Scott's primary point of contention seems to be with Zwink's failure to comply with the Rule's provision that he present the statement to Scott before filing it. Scott claims that *Smith v. State* is "strikingly similar" in this regard. 240 S.W.3d 756, 760 (Mo. App. 2007). In *Smith*, the court held that post-conviction counsel's failure to file either an amended motion *or* a statement explaining why the amended motion was not necessary created a presumption of abandonment, and, thus, the case must be remanded for further proceedings to determine "whether (Movant) was abandoned." *Id*. at 760-61. Scott claims that, here, because Zwink also failed to comply with Rule 24.035(e) (by not presenting his statement to Scott prior to filing), then this Court also must remand to the circuit court for "further proceedings." We disagree. Here, post-conviction

7

counsel filed a statement explaining why the amended motion would not be filed, and the circuit court examined the issue of abandonment and determined that Scott was not abandoned. Thus, remand for "further proceedings" in this case would serve no purpose.[6]

Scott cites no case which holds that counsel's failure to present the statement to his client before filing it with the court constitutes abandonment.[7] In any event, Scott fails to show how he was prejudiced by such failure. Even where the record raises a presumption of abandonment due to appointed counsel's failure to comply with the Rule (in whatever way), the prescribed solution is for the motion court to "conduct a sufficient independent inquiry of a post-conviction movant's claim of abandonment." *Vogl*, 437 S.W.3d at 229. In this case, the circuit court treated Scott's motion to replace post-conviction counsel as a claim of abandonment and gave Scott the opportunity to address that claim at his evidentiary hearing. Although Scott declined to do so, in its judgment, the circuit court again treated Scott's motion to replace counsel as a claim of abandonment and examined it in light of pertinent caselaw and Rule 24.035(e). The court rejected the claim after finding that counsel's statement in lieu of an amended motion satisfied the requirements of Rule 24.035(e). The circuit court then ruled on the merits of each of Scott's

---

[6]For the same reason, neither *Tabor v. State*, 282 S.W.3d 381 (Mo. App. 2009), nor *Pope v. State*, 87 S.W.3d 425 (Mo. App. 2002), assists Scott in his quest to have his case remanded for "further proceedings."

[7]Scott's reliance on *Tabor* as being sufficiently analogous is misplaced. Zwink's failure to present the statement in lieu to Scott prior to filing it in this case is ***not*** equivalent to the "significant omission" the court found in *Tabor* -- *i.e.*, that the statement in lieu of an amended motion was signed (and evidently drafted) by the movant instead of post-conviction counsel. *See Tabor*, 282 S.W.3d at 385.

8

*pro se* post-conviction claims. Thus, Scott already received the relief to which he would have been entitled, and he was not denied meaningful review of his post-conviction claims.[8]

Scott asks this Court either to find that he was abandoned or to remand the cause to the circuit court for "further proceedings on the abandonment issue." For this Court to reverse the circuit court's judgment as to abandonment, Scott must prove that the court "clearly erred." He fails to do so. We find no error in the circuit court's determination that post-conviction counsel did not abandon Scott. Additionally, given that the circuit court has already considered and ruled on the issue of abandonment, it is unclear what "further proceedings" Scott deems warranted.

The point is denied.

## Conclusion

For the foregoing reasons, we affirm the circuit court's judgment denying Scott's Rule 24.035 motion and his claim of abandonment.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.

---

[8]We acknowledge the Missouri Supreme Court's recent ruling in *Moore v. State*, No. SC94277, --- S.W.3d ---, 2015 WL 1735533, at *1-3 (Mo. banc, April 14, 2015), which holds that when an untimely amended motion is filed, the motion court has a duty to undertake an "independent inquiry" to determine if abandonment occurred. There, although the circuit court had considered and ruled on the claims in the untimely amended motion, the Court remanded in order for the circuit court to conduct that independent inquiry. *Id*. at *2-3. The Court explained that the result of that inquiry would "determine[] which motion -- the initial motion or the amended motion -- the court should adjudicate." *Id*. at *3. Here, counsel filed no amended motion, only a statement in lieu of amended motion, the circuit court examined and rejected Scott's claim of abandonment, and then adjudicated the movant's *pro se* claims. Consequently, *Moore* does not affect our analysis here.