

# Missouri Court of Appeals

### Southern District

### Division One

|  |  |  |
|---|---|---|
| LUCAS L. CAMPBELL, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD34404 |
| | ) | Filed: November 28, 2016 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent-Respondent. | ) | |
| | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin Holden, Circuit Judge

## **AFFIRMED**

Lucas Campbell (Movant) appeals from the denial of his *pro se* motion to allow the untimely filing of an amended motion in his Rule 29.15 post-conviction proceeding due to alleged abandonment by appointed counsel. Because the motion court's order denying the motion was not clearly erroneous, we affirm.

Movant was charged in the Circuit Court of Greene County with committing murder in the first degree. After a jury trial, he was found guilty of that offense on June 20, 2006. On July 21, 2006, he was sentenced to serve life in prison without the possibility of parole.

On direct appeal, Movant's conviction and sentence was affirmed by this Court on April 22, 2008. *See State v. Campbell*, 254 S.W.3d 203 (Mo. App. 2008). Mandate issued on May 9, 2008.

On July 23, 2008, Movant timely filed a *pro se* Rule 29.15 motion for post-conviction relief (PCR). *See* Rule 29.15(b). This 41-page motion, accompanied by seven exhibits, contained extremely detailed factual and legal grounds in support of the 11 claims for relief. On July 25, 2008, the motion court appointed the Public Defender's Office to represent Movant. Movant's appointed PCR counsel entered his appearance on August 5, 2008. On October 27, 2008, PCR counsel filed a verified statement in lieu of an amended motion. In relevant part, PCR counsel stated the following under oath:

> In the preparation of movant's postconviction relief case, counsel has discussed this case with movant over the telephone, corresponded with trial counsel about the case, and has reviewed the following: trial and sentencing transcripts from the underlying criminal case, relevant court documents from the criminal case, the trial and appeal files created by movant's former trial and appellate attorney including police reports, medical reports, pre-trial depositions, correspondence, research, appellate briefs, appellate opinion, and the pro se Form 40 motion and attachments filed by movant in the postconviction case. Based on this review, counsel has determined that all facts supporting the claims are asserted in the pro se motion and all claims known to the movant are alleged in the pro se motion. Counsel apprised movant of his intent to not file an amended motion by phone conversation on October 23, 2008 and by mailing a copy of this statement on October 23, 2008. Pursuant to Rule 29.15(e), Movant may file a reply to this statement by counsel not later than ten days after this statement is filed.

Movant filed no reply. On November 13, 2008, the motion court conducted an evidentiary hearing on the *pro se* motion at which PCR counsel appeared and participated. On October 1, 2009, the motion court entered an order denying relief, accompanied by detailed findings of fact and conclusions of law.

2

Movant appealed. On November 23, 2010, this Court affirmed the denial of Movant's post-conviction motion in an unpublished order and statement. *Campbell v. State*, SD30338.

In January 2016, Movant filed a *pro se* motion to "open his original" post-conviction proceeding due to alleged abandonment by counsel.[1] The motion alleged that Movant was abandoned by PCR counsel because he filed a statement in lieu, rather than an amended motion. In March 2016, the motion court denied Movant's motion to reopen due to abandonment. This appeal followed.

We review the motion court's denial of a motion for post-conviction relief due to abandonment for clear error. *Scott v. State*, 472 S.W.3d 593, 596 (Mo. App. 2015). In Point 1, Movant contends he was abandoned by PCR counsel because that attorney filed a statement in lieu, rather than an amended motion. We disagree. PCR counsel stated under oath in his statement that he: (1) discussed the case with Movant and trial counsel; (2) reviewed the relevant case records; and (3) determined that all facts and claims were asserted in the *pro se* motion. PCR counsel also stated that he "apprised movant of his intent to not file an amended motion by phone conversation on October 23, 2008 and by mailing a copy of this statement on October 23, 2008." After receiving such notice, Movant did not file a reply as permitted by Rule 29.15(e).

Insofar as relevant here, abandonment occurs when appointed counsel fails "to file an amended motion *or a statement setting out the facts demonstrating that no motion need*

---

[1] In *Eastburn v. State,* 400 S.W.3d 770, 774 (Mo. banc 2013), our Supreme Court held that the proper terminology for a motion claiming abandonment of post-conviction counsel is a motion for post-conviction relief due to abandonment and not a motion to reopen post-conviction proceedings.

*be filed ….*" ***Barton v. State***, 486 S.W.3d 332, 337 (Mo. banc 2016) (italics added). It is well settled that, when post-conviction counsel complies with Rule 29.15(e) and files a statement in lieu of an amended motion, there is no abandonment. *See, e.g.*, ***Mason v. State***, 488 S.W.3d 135, 140 (Mo. App. 2016); ***Scott***, 472 S.W.3d at 596-97; ***Pennell v. State***, 467 S.W.3d 367, 374-75 (Mo. App. 2015); ***Bain v. State***, 407 S.W.3d 144, 147-48 (Mo. App. 2013); ***Dean v. State***, 314 S.W.3d 402, 406 (Mo. App. 2010). By investigating the case and filing a statement complying with Rule 29.15(e), PCR counsel did not abandon Movant. Point 1 is denied.

In Point 2, Movant contends the motion court lacked subject-matter jurisdiction because the State did not file a written felony information charging Movant with a crime. Because this allegation was unrelated to any alleged abandonment by counsel, the motion court could not consider it.[2] This new claim was waived by not being included as part of the 11 claims set out in Movant's original *pro se* motion, and Movant could not raise it in a successive Rule 29.15 motion. *See* Rule 29.15(b); Rule 29.15(k); ***Roath v. State***, 998 S.W.2d 590, 593 (Mo. App. 1999). Point 2 is denied.

After reviewing the entire record, we discern no clear error in the motion court's decision to deny Movant's motion to reopen due to alleged abandonment by PCR counsel. Therefore, we affirm the order denying Movant's motion to reopen.


JEFFREY W. BATES, P.J. – OPINION AUTHOR

---

[2] We note, however, that the Missouri Constitution provided the circuit court with subject-matter jurisdiction over the underlying criminal case. *See* MO. CONST. art. V, § 14; ***J.C.W. ex rel. Webb v. Wyciskalla***, 275 S.W.3d 249, 252-53 (Mo. banc 2009). In addition, this contention is refuted by the record. In a January 6, 2016, docket entry, the motion court stated that "Movant was formally arraigned on the Felony Information by Judge Burrell on 11/12/2004."

4

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR